IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SAYED HASHIMI ASWOBUDDIN,
               *Petitioner,*

     v.

TODD LYONS, *et al.,*
               *Respondents.*

1:26-cv-953-MSN-LRV

## ORDER

On April 8, 2026, Petitioner Sayed Hashimi Aswobuddin ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 alleging that he has been unlawfully detained at the Farmville Detention Center. ECF 1.

Although the Petition framed the permissibility of Petitioner's detention as a matter of whether he was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or eligible for a bond hearing under 8 U.S.C. § 1226(a) and Federal Respondents initially represented to this Court that the factual and legal issues in this matter did not differ in any material fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.), the Court expressed concern that based on certain allegations in the Petition, Petitioner may be subject to a final order of removal and mandatory detention as a result. ECF 7. In response to the Court's Order of April 23, 2026, directing the parties to apprise the Court of Petitioner's relevant immigration history, the parties now offer the following facts.

Petitioner is a native and citizen of Afghanistan. ECF 9-1 ¶ 5. Petitioner first entered the United States in September 2021 and has resided with his family in Fredericksburg, Virginia since that time. ECF 1 ¶ 42; ECF 9-1 ¶ 6. Petitioner was paroled into the country under Operation Allies Refugee, following the fall of Afghanistan to the Taliban. ECF 9-1 ¶ 6. His parole was apparently

authorized until September 2, 2025. *Id*. Federal Respondents claim that Petitioner's parole was "revoked by the passage of time on September 3, 2025." *Id*. Two months later, on November 14, 2025, Petitioner was issued a Notice to Appear charging him with inadmissibility to and removability from the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id*. ¶ 8. Petitioner was later taken into custody at ICE ERO's Washington Field Office on December 27, 2025, purportedly on the basis of a 2022 state court drug charge, the disposition of which is not known to this Court. *Id*. ¶ 9.

On January 13, 2026, an Immigration Judge refused Petitioner a bond redetermination hearing for lack of jurisdiction "under 8 U.S.C. [§] 1225(b)(1)." *Id*. ¶ 10. On February 25, 2026, an Immigration Judge denied Petitioner's asylum application and request for withholding under the INA and ordered him removed to Afghanistan but granted Petitioner withholding of removal pursuant to the Convention Against Torture. *Id*. ¶ 11; ECF 9 at 2. Petitioner timely appealed that decision to the BIA and his appeal remains pending. ECF 9-1 ¶ 12.

Federal Respondents now represent to the Court that "[b]ecause this matter involves the revocation of parole and Federal Respondents' contention that Petitioner is an arriving alien subject to mandatory detention under Section 1225(b)(1), it is materially indistinguishable from the circumstances presented to this Court in *Omari v. Lyons*, 25-cv-2483-MSN-WBP." ECF 9 at 2. In *Omari*, this Court held that it was a violation of due process to revoke a noncitizen's humanitarian parole and re-detain him "without any notice, hearing, or individualized consideration of Petitioner's circumstances or whether the purposes of parole had been accomplished that the regulations and due process require." *Omari*, ECF 9 at 5, 6, 1:25-cv-2483 (E.D. Va. Feb. 17, 2026) (slip. op.) (collecting cases); *see also Pineda-Berrios v. Lyons*, ECF 13, No. 1:25-cv-2332-LMB-LRV (E.D. Va. Feb. 11, 2026) (slip. op.). Based on Federal Respondents'

2

representations, and because there is no reason to believe otherwise, the Court will assume that Petitioner's circumstances are no different from that in *Omari* and that his arrest and detention on December 27, 2025 was without any notice, hearing, or individualized consideration of his circumstances.[1] Thus, Petitioner's current detention is unlawful and Federal Respondents must immediately release him.

Accordingly, it is hereby

ORDERED that the Petition (ECF 1) is GRANTED as to Count III; and it is further

ORDERED that Federal Respondents immediately release Petitioner from custody with all of his personal property subject to the conditions of his existing parole, except for the September 2, 2025, time limitation; and it is further

---

[1] The Court also rejects any notion that Petitioner's detention is permissible because his parole was automatically terminated on September 3, 2025. Petitioner was not redetained until months later, and it "strains credulity to contend that [any disclosure in Petitioner's parole document] adequately protected his liberty interest in remaining out of custody." *Pineda-Berrios*, slip. op at *12.

3

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of parole, except for the one-year limitation; (3) his parole has been lawfully revoked in a manner consistent with 8 C.F.R.§ 212.5(e); or (4) he becomes subject to a final order of removal pursuant to 8 U.S.C. § 1231.

**IT IS SO ORDERED.**

The Clerk of Court is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, to forward a copy of this Order to counsel of record, and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

April 29, 2026
Alexandria, Virginia

4